UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LAWRENCE PAUL WHITFIELD,

    Petitioner,

    v.

WARDEN,

    Respondent.

CAUSE NO.: 3:18-CV-674-PPS-MGG

## OPINION AND ORDER

Lawrence Paul Whitfield, a prisoner without a lawyer, filed this habeas corpus case challenging his prison disciplinary hearing case number WCC 18-06-415 held at the Westville Correctional Facility on July 10, 2018, where he was found guilty of unauthorized possession of property in violation of Indiana Department of Correction policy B-215. ECF 1 at 1. He was sanctioned with the loss of 60 days earned credit time and demoted in credit class. *Id.*

In his petition, Whitfield attempts to raise three grounds to challenge the finding of guilt. ECF 1 at 2-3. However, he acknowledges that he has not presented any of these grounds to the Final Reviewing Authority. *Id.*

The exhaustion requirement for habeas corpus proceedings is contained in 28 U.S.C. § 2254(b).

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we held in *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992), the sort of "available State corrective process" (§ 2254(b)(1)(B)(i)) that a prisoner must use. Indiana

> offers two levels of administrative review: a prisoner aggrieved by the
> decision of a disciplinary panel may appeal first to the warden and then to
> a statewide body called the Final Reviewing Authority. Moffat sought
> review by both bodies, but his argument was limited to the contention that
> the evidence did not support the board's decision. He did not complain to
> either the warden or the Final Reviewing Authority about the board's
> sketchy explanation for its decision. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119
> S.Ct. 1728, 144 L.Ed.2d 1 (1999), holds that to exhaust a claim, and thus
> preserve it for collateral review under § 2254, a prisoner must present that
> legal theory to the state's supreme court. The Final Reviewing Authority is
> the administrative equivalent to the state's highest court, so the holding of
> *Boerckel* implies that when administrative remedies must be exhausted, a
> legal contention must be presented to each administrative level.

*Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002).

Whitfield has not presented any indication that he exhausted the grounds raised in this petition, so the petition will be dismissed without prejudice. Because the dismissal is without prejudice, if Whitfield exhausts his administrative remedies, he may file a new habeas corpus petition challenging this disciplinary hearing. At that time, he needs to attach a copy of the denial letter from the Final Reviewing Authority.

For these reasons, the court DISMISSES the petition (ECF 1) WITHOUT PREJUDICE pursuant to Section 2254 Habeas Corpus Rule 4 because the claims are unexhausted. The Clerk is DIRECTED to close the case.

SO ORDERED on September 12, 2018.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT